IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**INTENT PERFORMANCE LLC**                                                                                         **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 2:23-cv-86-TBM-RPM**

**INTENT SPORTS & FITNESS, LLC,** *et al.*                                                                **DEFENDANTS**

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DEFER RULING AND TO DEFER RESPONSE TO PARTIAL MOTION TO DISMISS

On August 1, 2024, Intent Sports & Fitness, Marcus Moore, and Katie Beth Sumrall filed a Motion to Compel Arbitration [49]. On August 2, 2024, Jackson Tullos & Rogers also filed a Motion to Compel Arbitration [50], as well as a partial Motion to Dismiss [52]. In light of the pending Motions for Arbitration, United States Magistrate Judge Robert P. Myers, Jr. entered an Order Staying Proceedings [55] pending a ruling on those motions. *See* L.U. Civ. R. 16(b)(3)(B). The stay of proceedings, however, did not apply to the briefing of the partial Motion to Dismiss [52] or any outstanding responsive pleadings.

Following the Order Staying Proceedings [55], Intent Performance, Bailey Parkinson, David Parkinson, and Lora Davis filed a Motion to Dismiss [56]. But Intent Sports & Fitness, Marcus Moore, and Katie Beth Sumrall (the "Movants") have since filed a Motion [65] requesting that this Court defer its ruling on the Motion to Dismiss [56] and to defer their response to that motion until after the Court issues a ruling on the pending Motions for Arbitration. In Response [71], Intent Performance, the Parkinsons, and Davis agree that ruling on the pending Motions for Arbitration should precede or accompany rulings on both Motions to Dismiss [52] [56]. But they object to the Movants' request to defer the briefing on their Motion to Dismiss [56], arguing that a deferral would cause additional unnecessary delay in this case.

There is no dispute the pending Motions for Arbitration should be decided first or at least contemporaneously with the Motions to Dismiss. *See* [52]; [56]. Indeed, "a district court must consider an agreement to arbitrate as a 'threshold question.'" *Reyna v. Int'l Bank of Com.*, 839 F.3d 373, 377 (5th Cir. 2016) (quoting *Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L.L.C.*, 782 F.3d 186, 196 (5th Cir. 2015)). Therefore, the Court grants the Movants' request in this regard.

But the Court denies the Movants' request to defer the briefing of the Motion to Dismiss [56]. This action was initiated in June 2023 and has been pending for more than a year. Also, the partial Motion to Dismiss [52] filed by Jackson Tullos & Rogers has been fully briefed. The Movants are correct that the outcome of the pending Motions for Arbitration could potentially resolve or simplify the issues. However, in the event those motions are denied, the Court finds the Motion to Dismiss [56] should be fully briefed sooner rather than later to avoid any further delay. *See Hammond v. Floor and Decor Outlets of Am., Inc.*, No. 3:19-cv-1099, 2020 WL 4700829, at *4–5 (M.D. Tenn. Aug. 12, 2020) (denying request to stay briefing on motions to dismiss under similar circumstances).

IT IS THEREFORE ORDERED AND ADJUDGED that the [65] Motion to Defer Ruling and to Defer Response to Partial Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Movants' request to defer ruling on the Motion to Dismiss [56] is GRANTED, but the Movants' request to defer their response to the Motion to Dismiss [56] is DENIED.

IT IS FURTHER ORDERED that the response to the Motion to Dismiss [56] is due within 21 days of entry of this Order and the reply is due 14 days after the filing of the response.

SO ORDERED AND ADJUDGED this the 27th day of November, 2024.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

2